**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| KHALICA COLLINS and JAMIE COLLINS, individually and as parents and natural guardians J.C. and K.C.<br><br>Plaintiffs,<br><br>v.<br><br>LM GENERAL INSURANCE COMPANY,<br><br>Defendant. | C.A. No. <u>2:23-cv-852-BHH</u> |

**PETITION FOR DECLARATORY JUDGMENT ACTION**

NOW COME Plaintiffs Khalica Collins and Jamie Collins, individually and as parents and natural guardians of ███████████████████ (collectively, "Plaintiffs"), by and through the undersigned attorneys, and file this Petition for Declaratory Judgment to determine the rights and obligations of the parties, alleging and showing as follows:

**INTRODUCTION**

1.     This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to determine and resolve questions of actual controversy involving uninsured motorist coverage – bodily injury and property damage – included in an automobile insurance policy ("the LM General Policy") issued by Defendant LM General Insurance Company ("Defendant") to Plaintiffs in Pennsylvania.

2.     Plaintiffs suffered bodily injury and property damage in a motor vehicle collision in North Charleston, South Carolina ("the subject collision") caused by non-party Gary Nelson ("Nelson") in a vehicle owned by Starkeedra Simmons ("Simmons"). Plaintiffs filed suit in

Charleston County against Nelson and Simmons seeking actual and punitive damages. See: *Collins v. Nelson, et al.* (C.A. No.: 2022-CP-10-01088)("the Underlying Litigation"). Nelson, the at-fault driver, has no liability coverage.

3.      Defendant asserts it has no duty to provide coverage for punitive damages for uninsured motorist coverage because the LM General Policy contains an exclusion for punitive damages.

4.      Plaintiffs seek a declaration that Defendant has an obligation to provide uninsured motorist coverage that complies with the minimum amounts prescribed by S.C. Code Ann. § 38-77-150(A), including those applicable to punitive damages, as the subject collision occurred in South Carolina and the LM General Policy guarantees Defendant will satisfy all minimum required coverages for out of state collisions.

## THE PARTIES

5.      At all relevant times, Plaintiffs were citizens of the Commonwealth of Pennsylvania. Plaintiffs were located in South Carolina at the time of the subject collision, which occurred in South Carolina.

6.      Defendant is licensed and qualified to do business in South Carolina as a property and casualty insurer. Defendant is an insurance company incorporated in the State of Illinois with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees and costs, exceeds Seventy-Five Thousand Dollars ($75,000). The Court further has jurisdiction under the Federal Declaratory Judgment Act,

28 U.S.C. § 2201, *et seq.*, because there is a present and actual controversy regarding the parties' rights and obligations with respect to the application of automobile insurance policies and an uninsured motorist coverage endorsement issued by Defendant and under which Plaintiffs Khalica and Jamie Collins are insured pursuant to the terms, provisions, conditions, and definitions therein.

8.      This Court has personal jurisdiction over Defendant because Defendant is licensed to do business and transact insurance in South Carolina and this action seeks a declaration with respect to insurance policies issued by Defendant that Plaintiffs contend afford coverage for the subject collision in Charleston County, South Carolina.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the District and this action seeks a declaration respecting the applicability of exclusions to insurance policies issued by Defendant to a vehicle collision that occurred in the District.

## FACTUAL BACKGROUND

### a.  The Underlying Litigation

10.      On August 9, 2020, Plaintiffs sustained injuries in a "hit and run" collision in North Charleston, South Carolina caused by Gary Nelson ("Nelson"), who was operating a stolen vehicle with two minors inside while high on methamphetamine and fleeing the police. The stolen vehicle operated by Nelson was owned by Starkeedra Simmons ("Simmons").

11.      At the time of the collision, Plaintiffs were visiting South Carolina.

12.      On March 7, 2022, Plaintiff Jamie Collins filed the Underlying Complaint against Nelson and Simmons alleging he was injured in the August 9, 2020 collision and seeking to recover actual and punitive damages for the willful, reckless, grossly negligent, and negligent conduct of Nelson and Simmons.

3

13.     On August 11, 2022, Defendant asserted that the Policy did not cover punitive damages for uninsured motorist coverage.

14.     On February 3, 2023, Plaintiffs advised Defendant that Plaintiffs disagreed with Defendant's position and demanded payment of the uninsured motorist policy limits by March 6, 2023. Defendant responded reiterating Defendant's position that the LM General Policy provides no coverage for punitive damages.

**b.  The LM General Policy and South Carolina Statutory Requirements For Uninsured Motorists Coverage**

15.     At all relevant times, Plaintiffs were insured under the LM General Policy issued by Defendants. Plaintiffs purchased the policy in Pennsylvania.

16.     The LM General Policy included an Uninsured Motorist Coverage Endorsement ("the UM Endorsement"). The UM Endorsement included an exclusion stating Defendant does not provide uninsured motorist coverage for punitive damages.

17.     The LM General Policy also includes a provision concerning "Out of State Coverage" that provided:

> If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:
>
> A.     If the state or province has:
>
> 1.     A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the declarations, your policy will provide the high specified limit.
>
> 2.     A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

18.     South Carolina law requires that all automobile insurance policies must include uninsured motorist coverage "to pay the insured all sums which [the insured] is legally entitled to recover as damages from the owner or operator of a motor vehicle, within limits which may be no less than the requires of Section 38-77-150." South Carolina law clearly states that damages in this context "includes both actual and punitive damages." S.C. Code Ann.§ 38-77-30.

19.     South Carolina law further provides that "[a]ll contracts of insurance on property, lives, or interests in this State are considered to be made in the State[.]" S.C. Code Ann.§ 38-61-10.

## COUNT I
## DECLARATORY JUDGMENT

20.     Plaintiffs restate and re-allege Paragraphs 1 through 19 as though fully set forth herein.

21.     Under South Carolina law, "[a]ll contracts of insurance on property, lives, or interests in this State are considered to be made in the State[.]" S.C. Code Ann.§ 38-61-10.

22.     South Carolina law further requires all automobile insurance policies to include uninsured motorist coverage that pays the insured "all sums which he is legally entitled to recover as damages from the owner or operator of the uninsured motor vehicle." S.C. Code Ann. § 38-77-150.

23.     Plaintiffs' vehicle was located and operated in South Carolina and the subject collision took place in South Carolina resulting in injuries sustained in South Carolina.

24.     South Carolina law entitles Plaintiffs to uninsured motorist coverage for punitive damages as required under South Carolina law.

25.     Any punitive damages exclusion would violate South Carolina law and require policy reformation.

5

26.     The LM General Policy fails to afford the coverages required by statute in South Carolina and must therefore be reformed to do so.

27.     Further, the plain language of the LM General Policy governing "out of state coverage" requires Defendant to interpret the LM General Policy to accord with South Carolina's statutory provisions for uninsured motorist coverage because Defendant contracted to satisfy the minimum financial responsibility laws and compulsory insurance coverages for any state in which an insured was involved in a collision.

28.     Further, any punitive damages exclusion that causes an automobile insurance policy to fail to satisfy South Carolina's statutory minimum requirements for uninsured motorist coverage violates public policy.

29.     Notwithstanding the above, Defendant contends it has no obligation to provide the uninsured motorist coverage required under South Carolina law. As such, an actual and present dispute exists as to whether Defendant is obligated to provide uninsured motorist coverage for punitive damages under the LM General Policy for the subject collision.

30.     Plaintiffs seek a declaratory judgment that Defendant has an obligation to provide uninsured motorist coverage for punitive damages as required under South Carolina law and the plain language of the LM General Policy.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order:

(a) Declaring that Defendant, the LM General Insurance Company, must provide uninsured motorist coverage to Plaintiffs meeting the minimum requirements under South Carolina law, including coverage for punitive damages arising out of the subject collision;

(b) For such other and further relief as this Court deems just and proper.

**PIERCE, SLOAN, KENNEDY & EARLY, LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

s/ *Carl E. Pierce, II*
Carl E. Pierce, II (Fed. Bar No. 3062)
Jessica J. Miller (Fed. Bar No. 13613)
carlpierce@piercesloan.com
jessicamiller@piercesloan.com

*Attorneys for Plaintiffs*

March 1, 2023
Charleston, South Carolina